## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| LANDMARK GRAPHICS CORP. *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2618 |
| | § | |
| | § | |
| | § | |
| SEISMIC MICRO TECHNOLOGY, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER ON SCHEDULING AND DOCKET CONTROL ISSUES

The parties have submitted competing proposed scheduling and docket control orders. The primary differences are whether to bifurcate discovery of liability issues from discovery into damages and wilfulness and how to stage the motions on ownership, inequitable conduct, claim construction, and other liability issues.  After considering the pleadings, the parties' motions and responses, the competing scheduling proposals, the arguments of counsel, and the applicable law, this court enters the attached scheduling and docket control order.  The rulings it is based on are briefly set out below.

Paradigm Geophysical and SMT have moved to bifurcate the issue of ownership of the patents in suit and have it decided first, before discovery on claim construction or other issues relating to infringement and invalidity.  (Docket Entry Nos. 68, 84).  This court grants these motions in part and denies them in part.  The scheduling order contemplates that the

first motions to be filed are those necessary to resolve the legal issue of ownership.  Because the witnesses on ownership are also likely to be the witnesses on other liability issues, the scheduling order does not defer all discovery on the other issues until the ownership motions are filed or decided.

Paradigm and SMT have also moved to bifurcate the case into a liability phase and a damages and wilfulness phase.  (Docket Entry No. 79).  "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims or issues."  FED. R. CIV. P. 42(b).  The Fifth Circuit has found that "separation of issues of liability from those relating to damages is an obvious use for Rule 42(b)."  *Johnson v. Helmerich & Payne, Inc*., 892 F.2d 422, 424 (5th Cir. 1990) (citing 9 Wright & Miller, Federal Practice and Procedure, § 2390 (1971)).  "Frequently, parties seek to bifurcate liability and damages phases of a trial, or to bifurcate the punitive damages phase."  *Performance Aftermarket Parts Group, Ltd. v. TI Group Auto. Sys., Inc.*, 2006 WL 2850061, at *1 (S.D. Tex. Oct. 3, 2006).

Bifurcation of patent suits into liability and damages phases is common.  Damages in patent cases often present legal and factual issues not relevant to the liability determinations. *Cherdak v. Stride Rite Corp.*, 396 F. Supp. 2d 602, 604 (D. Md. 2005) (citing *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970) (enumerating fifteen factors that pertain to the determination of a reasonable royalty); *see*

2

*also Gaus v. Conair Corp*., No. 94 Civ. 5693, 2000 WL 1277365, at *3 (S.D.N.Y. Sept. 7, 2000) ("While it is often appropriate to bifurcate patent cases because damages are sometimes complex and unrelated to issues of liability, it is by no means automatic."); *Mag Instr., Inc. v. J. Baxter Brinkmann Int's Corp*., 123 F.R.D. 543 (N.D. Tex. 1988) (citing *Swofford v. B & W, Inc*., 336 F.2d 406 (5th Cir.1964), cert. denied, 379 U.S. 962 (1965)). "[T]he issues of validity, title, infringement and damages in patent and copyright cases may be separately tried, unless this course will inconvenience the court or seriously prejudice the rights of some of the parties."  *Swofford*, 336 F.2d at 415 (citing 2B Barron & Holtzoff, Federal Practice and Procedure § 944, at 196 (Wright ed. 1961)).  The Fifth Circuit has found that "we cannot think of an instance in a patent action where the damage issue is so interwoven with the other issues that it cannot be submitted to the jury independently of the others without confusion and uncertainty, which would amount to a denial of a fair trial." *Id.*

At this time, the court is only addressing bifurcation for discovery, not for trial.  At trial, damages and willfulness—which is related to calculation of damages, not liability—may be tried separately.  During discovery, bifurcating liability and willfulness from  damages will increase efficiency and reduce time, effort, and expense.

The motion to bifurcate is granted in part and denied in part.  The attached scheduling order contemplates that initial discovery and motions will be limited to liability and willfulness.  Once the threshold motions are resolved, the court will consider whether it may

make sense to begin discovery on damages while completing discovery and motions relating to the remaining liability issues.

The references in the order to Patent Rules ("P.R.") refer to the Patent Rules in the Eastern District of Texas.  These references incorporate the substantive provisions of the cited rules.

SIGNED on October 25, 2006, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge