**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LANDMARK GRAPHICS CORP. *et al.*, | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-2618 |
| | § | (Consolidated with H-06-1790) |
| SEISMIC MICRO TECHNOLOGY, INC., | § § | |
| Defendant. | § § § | |

_____

| | | |
|---|---|---|
| PARADIGM GEOPHYSICAL CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| MAGIC EARTH, INC., *et al.* | § § | |
| Defendants. | § § | |

**MEMORANDUM AND OPINION ON LANDMARK'S MOTION TO DISMISS
SMT'S UNFAIR COMPETITION COUNTERCLAIM**

The plaintiffs in this patent infringement suit, Landmark Graphics Corporation and Magic Earth, Inc. (together, "Landmark"), move under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the unfair competition counterclaim Seismic Micro-Technology (SMT) has asserted under state law. Landmark argues that under Texas law, unfair competition is not an independent cause of action but instead requires a plaintiff to allege and show that the defendant engaged in independently tortious or illegal conduct that interfered

with the plaintiff's ability to conduct business.  Landmark argues that as a matter of law, SMT has not alleged an underlying independent tortious or illegal act and that SMT's state-law claim is preempted by federal patent law.  (Docket Entry Nos. 67, 89).  SMT responds that its unfair competition claim is based on Landmark's improper assertion of the '570 Patent against SMT, knowing that the patent was obtained through inequitable conduct by the named inventors and therefore unenforceable.  (Docket Entry Nos. 72, 101).

The Federal Circuit has rejected the argument that a claim of unfair competition based on a claim of inequitable conduct cannot succeed.  *See Dow Chemical Co. v. Exxon Corp.*, 139 F.3d 1470 (Fed. Cir. 1998).  In that case, Dow Chemical alleged that Exxon had threatened to sue actual and prospective Dow Chemical customers for patent infringement, despite an alleged lack of good-faith belief that Dow Chemical infringed the patent when Exxon made the threats and despite Exxon's alleged inequitable conduct in obtaining the patent.  *Dow Chemical*, 139 F.3d at 1472.  The court held that the state-law claim could proceed and was not preempted.  The state-law claim required proof of elements that were not part of the patent-law inequitable conduct claim.  The court distinguished between a state-law tort claim "premised upon bad faith misconduct in the PTO" and one "premised upon bad faith misconduct in the marketplace."  *Id*. at 1477.  State-law claims alleging misconduct by an applicant against the PTO generally are preempted; claims alleging misconduct between parties after the patent has issued generally are not.  The marketplace misconduct in *Dow* was Exxon's threats to Dow Chemical's customers, not activity that occurred before the PTO or in the context of a litigation.  *Id*. at 1472.

The Federal Circuit drew the same distinction but reached the opposite result in *Hunter Douglas v. Harmonic Design*, 153 F.3d 1318, 1334 (Fed. Cir. 1998), *overruled on other grounds*, *Midwest Indus., Inc. v. Karavan Trailers, Inc*., 175 F.3d 1356, 1358-59. In that case, the plaintiff sought a declaratory judgment that the defendant-patentee's patent was not infringed, was invalid, and was unenforceable due to inequitable conduct. The plaintiff also sought various state-law remedies based on the defendant-patentee's actions in telling the plaintiff's customers that the plaintiff did not have the right to sell its products because they were covered by the defendant's patent. *Id*. at 1322. The Federal Circuit found that the state-law claim could be preempted by federal patent law because the state-law tort claim was based on conduct protected by federal patent law and the pleadings did not clearly allege that the defendant's conduct was fraudulent or in bad faith. *Id*. at 1335-36. The Federal Circuit remanded for the district court to decide whether the plaintiff's allegations were sufficient to survive a motion to dismiss the state-law counts on the basis of federal patent-law preemption. *Id*. at 1337. The Federal Circuit distinguished its earlier decision in *Dow Chemicals* because in that case, the plaintiff had alleged the bad-faith enforcement of a patent and the conduct for which the plaintiff sought relief under state law was neither protected nor governed by federal patent law. *Id.*

The Federal Circuit has held that claims of inequitable conduct before the PTO are preempted because "PTO procedures themselves provided a remedy for [an applicant]'s malfeasance. An additional state action would be an inappropriate collateral intrusion on the regulatory procedures of the PTO, 'under the guise of a complaint sounding in tort' . . . and

3

is contrary to Congress' preemptive regulation in the area of patent law." *Abbott Labs. v. Brennan*, 952 F.2d 1346, 1357 (Fed. Cir. 1991) (internal citations omitted); *see also Methode Elecs. Inc. v. Hewlett-Packard Co.*, 55 U.S.P.Q.2d 1602, 1604–05 (N.D. Cal. 2000) (finding that an unjust enrichment claim alleging bad faith misconduct by the applicant against the PTO was preempted because its "fundamental premise" was incorrect inventorship and emphasizing that "the focal point of the [instant case] is Methode's conduct before the PTO and not . . . conduct subsequent to the PTO proceedings.").

In the present case, SMT's unfair competition counterclaim alleges that Landmark has sought to enforce the '570 Patent against SMT with knowledge that the patent is unenforceable due to inequitable conduct. This counterclaim does not rest entirely on actions before the PTO but alleges "marketplace misconduct." SMT's unfair competition counterclaim also includes elements different from those required to show inequitable conduct before the PTO. In *Dow Chemical*, the court held that a state-law tort claim for intentional interference with contractual relations that implicated the patent-law issue of inequitable conduct before the PTO was not preempted by federal patent law, despite the fact that it required a state court to adjudicate a question of federal patent law, provided that the state-law cause of action included additional elements not found in the federal patent-law cause of action and was not an impermissible attempt to offer patent-like protection to subject matter addressed by federal law. *Dow Chemical*, 139 F.3d at 1473-75. Under the

applicable Federal Circuit authority, the motion to dismiss the state-law unfair competition counterclaim is denied.

SIGNED on January 22, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge