# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| LANDMARK GRAPHICS CORP. *et al.*, | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-2618 |
| | § | (Consolidated with H-06-1790) |
| SEISMIC MICRO TECHNOLOGY, INC., | § § | |
| Defendant. | § | |
| _____ | | _____ |
| PARADIGM GEOPHYSICAL CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| MAGIC EARTH, INC., *et al.,* | § § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION ON LANDMARK'S MOTION TO DISMISS AND STRIKE SEISMIC MICRO-TECHNOLOGY, INC.'S SECOND AFFIRMATIVE DEFENSE AND COUNTERCLAIM

The plaintiffs, Landmark Graphics Corporation and Magic Earth, Inc. (together, "Landmark"), moved under Rule 12(b)(6) to dismiss Seismic Micro-Technology, Inc.'s ("SMT") second affirmative defense and counterclaim for a declaratory judgment that the '570 Patent is unenforceable due to inequitable conduct. Landmark asserted that the defense and counterclaim had to be pleaded with the particularity required under Rule 9(b) of the Federal Rules of Civil Procedure and did not meet that standard. Landmark also moved to

1

strike the allegations of inequitable conduct on the ground that they improperly "impugn[ed] the reputations" of the counterdefendants. (Docket Entry No. 44 at 10).

In response, SMT filed a First Amended Answer, Affirmative Defenses, and Counterclaims and argued that this filing made the motion to dismiss moot and that the amended pleading was sufficiently detailed to overcome any deficiencies under Rule 9(b). SMT also argued that Rule 12(f) did not provide a basis for removing any of the allegations.

Landmark has not reurged its motion to dismiss under Rule 12(b)(6) since SMT filed its First Amended Answer, Affirmative Defenses, and Counterclaims. In an oral hearing, Landmark confirmed that its motion to dismiss under Rule 12(b)(6) is moot. As to the motion to strike, SMT acknowledges that Landmark did not include in its First Amended Answer, Affirmative Defenses, and Counterclaims the "disparaging" allegations that were the subject of the Rule 12(f) motion. SMT nonetheless asserts that it is entitled to a ruling striking the allegations from the superseded original Answer. (Docket Entry No. 49 at 2). SMT responds that "courts do not entertain motions to strike superseded pleadings." (Docket Entry No. 50 at 1).

Rule 12(f) states:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

FED. R. CIV. P. 12(f).  Rule 12(f) motions require a showing of prejudice.  *See Boyd's Bit Service, Inc. v. Specialty Rental Tool & Supply, Inc.*, 332 F.Supp.2d 938, 944 (W.D. La. 2004) ("[S]uch motions are disfavored and will usually be denied unless the allegations have no possible relevance to the controversy and may cause prejudice to one of the parties."); *Auto Wax Co., Inc. v. Mothers Polishes Waxes Auto Wax Co.*, 2002 WL 368526, at *5 (N.D. Tex.) ("Conclusory statements about unfair prejudice . . . are not enough to justify its motion to strike; a stronger showing is required under FED. R. CIV. P. 12(f)."); *see generally* 5C Charles Allan Wright Arthur R. Miller, FED. PRACTICE AND PROCEDURE § 1380, at 397 (3d ed. 2004).

SMT correctly points out that the allegations raised in the original answer or counterclaim and subsequently dropped in amended pleadings have been superseded.  It is well settled that an amended pleading supersedes the pleading it modifies.  *See, e.g.*, 6 Charles A. Wright & Arthur R. Miller, FED. PRACTICE AND PROCEDURE § 1476, at 556 (2d ed.1990).  Similarly, any alleged facts made in the original counterclaim and not incorporated in the amended counterclaim have been "amended away."  *Hibernia National Bank v. Carner*, 997 F.2d 94, 101 (5th Cir.1993).  Granting the motion to strike the allegations in the now-superseded pleading does not provide relief greater than the amendment itself has already provided.  The motion to strike, (Docket Entry No. 44), is denied as moot.

SIGNED on January 22, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge