# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| LANDMARK GRAPHICS CORP. *et al.*, § § Plaintiffs, § § v. § § SEISMIC MICRO TECHNOLOGY, INC., § § Defendant. § § | CIVIL ACTION NO. H-05-2618 (Consolidated with H-06-1790) |

_____

PARADIGM GEOPHYSICAL §
CORPORATION, §
　　　　　　　　　　　　　§
　　　　　Plaintiff, §
　　　　　　　　　　　　　§
v. §
　　　　　　　　　　　　　§
MAGIC EARTH, INC., *et al.* §
　　　　　　　　　　　　　§
　　　　　Defendants. §

## MEMORANDUM AND OPINION DENYING PARADIGM'S "CONDITIONAL" MOTION FOR SUMMARY JUDGMENT

In this lawsuit, Landmark Graphics Corporation, a subsidiary of Halliburton Company, and Landmark's predecessor-in-interest, Magic Earth, Inc. (together, "Landmark"), allege that Paradigm Geophysical Corporation infringed U.S. Patent No. 6,765,570 (the '570 Patent). Paradigm has filed a "conditional" motion for summary judgment as to the patent infringement claim on the basis that Halliburton and Landmark do

not own the '570 Patent and therefore lack "standing" to sue. (Docket Entry No. 92). Landmark has responded, (Docket Entry No. 95), and Paradigm has filed a reply brief in support of its motion, (Docket Entry No. 99). Based on a careful consideration of the pleadings, the motion, response, and reply, the briefs, the record, and the applicable law, this court denies the "conditional" motion for summary judgment. The reasons are explained below.

**I.     Background**

On July 28, 2005, Landmark sued Paradigm and Seismic Micro-Technology, Inc. in Civil Action No. 05-2618. Landmark alleged infringement of the '570 Patent, which involves "a system and method for analyzing and imaging three-dimension volume data sets using a three-dimensional sampling probe." (Docket Entry No. 95 at 2). Landmark alleged infringement by Paradigm's "Reservoir Navigator" and "Voxel Geo" products, by SMT's "VuPak" product, and by workflows and services related to these products. Landmark alleged that these products use software that infringes the '570 Patent.

Landmark's claims against Paradigm in Civil Action No. 05-2618 were withdrawn to attempt settlement. The effort failed. On May 25, 2006, Paradigm filed Civil Action No. 06-1709, suing Magic Earth, Landmark, and two individuals, Michael Zeitlin and Yin Cheung, the named inventors of the '570 Patent. Paradigm sought a declaratory judgment that the '570 Patent was invalid, unenforceable because of inequitable conduct, and not infringed by Paradigm's products and related software. The two cases have been consolidated under Civil Action No. 05-2618.

The application for what issued as the '570 Patent was filed on July 21, 1998. The named inventors, Zeitlin and Cheung, assigned their interest in the application to Texaco Development Corporation and Texaco, Inc. (Docket Entry No. 92, Ex. 1). Texaco in turn assigned its rights to Magic Earth, L.L.C., which changed its name to Magic Earth, Inc. and was later merged into Landmark Graphics Corporation. In its "conditional" motion for summary judgment as to ownership, Paradigm argued that because Landmark asserted that it was not in privity with Texaco with respect to certain license agreements, Landmark has "admitted" that it cannot have acquired title to the '570 Patent from Texaco. In its reply to the response to the summary judgment motion, Paradigm also argued that because Texaco allegedly acquired the technology used to apply for the '570 Patent in breach of its license agreements with Paradigm's predecessors-in-interest, Texaco's right to the '570 Patent is void and it had no ownership interest in that patent to assign to Magic Earth or Landmark.

According to Paradigm, the 1992 VoxelView License Agreement between Vital Images, Inc. (a Paradigm predecessor), and Texaco allowed Texaco a nonexclusive right to use the VoxelView software. This License Agreement stated that it allowed "internal use" only and that any patent rights would be owned by Vital Images. A 1993 VoxelGeo License Agreement between Vital Images and Texaco allegedly barred Texaco from assigning any of the "licenses, programs, or materials" without Vital Images's prior written consent. Paradigm also asserts that in 1994, Texaco's employee, Michael Zeitlin, one of the two named inventors on the '570 Patent, signed an agreement with CogniSeis relating to the

VoxelGeo software. In 1995, Vital Images granted CogniSeis an exclusive license to the VoxelGeo software. In 1997, Paradigm acquired CogniSeis.

Paradigm alleged that Landmark breached the License Agreements between Texaco and Paradigm's predecessors-in-interest. Landmark moved to dismiss the breach of contract claims on the basis that it was not a party to the License Agreements and was not in privity with the licensee, Texaco. In the "conditional" motion for summary judgment, Paradigm argued that Landmark has conceded a lack of privity with Texaco and cannot assert that it acquired Texaco's purported rights to the '570 Patent.

In response to the reply to the summary judgment motion, Paradigm also argued that Texaco's assignment could not convey ownership as to the '570 Patent to Magic Earth and its successor, Landmark. Paradigm based this argument on the License Agreements. Paradigm argued that the License Agreements prevented Texaco from obtaining a patent on the subject matter of those License Agreements because those Agreements only permitted Texaco's internal use of the VoxelGeo computer program and forbid other use without Vital Images's consent. According to Paradigm, Zeitlin and Cheung used confidential information about the VoxelGeo software, including copying and modifying CogniSeis and/or Vital Images code, and incorporated those modifications into the application for what issued as the '570 Patent. Paradigm argued that Texaco could not have clear title to the application underlying the '570 Patent because that patent was obtained using misappropriated information and in breach of the License Agreements. (Docket Entry No. 99, p. 4). Paradigm asserted that Landmark cannot own the '570 Patent by virtue of the assignment

from Texaco because Texaco had no ownership right to assign. (Civil Action No. 06-1790, Docket Entry No. 5 at 9–11). Paradigm asserted that as Vital Images's and CogniSeis's successor-in-interest, it owns their rights to the modified software, including the '570 Patent.

## II.     The Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56.  Rule 56(c). The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln General Ins. Co. v. Reyna*, 401 F.3d (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If the burden of proof at trial lies with the nonmoving party, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element or claim. *Celotex*, 477 U.S. at 330.  The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case. *Bourdeaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).  "An issue is material if its resolution could affect the outcome of the action." *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 535 (5th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)).  If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the

nonmovant's response. *Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Anderson,* 477 U.S. at 255; *Young*, 155 Fed. Appx. at 800.

### III.  Discussion

Paradigm's initial argument in its "conditional" motion for summary judgment was based on Landmark's motion to dismiss Paradigm's claim for breach of the VoxelGeo License Agreements. Paradigm argued that because Landmark "tried to avoid liability by arguing it was not in privity with Texaco," and because "for Magic Earth/Landmark to claim ownership of the '570 patent, they must be in privity with Texaco," Landmark has admitted that it lacks ownership. (Docket Entry No. 92 at 2–3). Paradigm relied on the following statement by Landmark in its motion to dismiss the breach of contract claim based on the License Agreements:

> Paradigm's contract claims arise from two license agreements between Texaco and Vital Images, Inc. ("Vital Images") and one license agreement between Texaco and CogniSeis Development, Inc. ("Cogniseis"). The bases of Paradigm's breach of contract claims is that Texaco was prohibited from assigning its rights under those agreements without the consent of CogniSeris or Vital Images, that this consent was not obtained prior to Texaco's attempted assignment to Magic Earth and/or Landmark, and that, as a result, any alleged assignment is void.

(Civil Action 6-1790, Docket Entry No. 16 at 8).

In its response, Landmark clarified the language in its motion to dismiss and related briefing. (Docket Entry No. 95 at 3–6; Civil Action No. 06-1790, Docket Entry No. 16 at

6

8). Landmark emphasized that it was arguing that it lacked privity with Texaco as to the License Agreements, but it was not assigned title to the '570 Patent through the License Agreements. Rather, the assignment was effected by Spin-Off Agreements executed by Texaco, Magic Earth, L.L.C., and Zeitlin. (Docket Entry No. 95, Ex. 1, Att. A). In the Spin-Off Agreements, Texaco assigned certain assets, including "[a]ll right, title, and benefit of [Texaco] in and to the inventions, including (without limitation)" the application for what issued as the '507 Patent, to Magic Earth. (*Id.*). Magic Earth, L.L.C. changed its name to Magic Earth, Inc. and was later merged into Landmark Graphics Corporation. Landmark did not deny that it is an assignee of Texaco through the merger with Texaco's assignee, Magic Earth, and in privity of contract with Texaco as to the Spin-Off Agreements through which Magic Earth and then Landmark acquired the '570 Patent. (Docket Entry No. 95 at 5). Landmark's motion to dismiss the breach of contract claim based on the License Agreements did not concede a lack of ownership in the '570 Patent or a lack of standing. Summary judgment on that basis is denied.

Paradigm also argued that Landmark was asserting Texaco's patent rights and that such third-party standing is improper. (Docket Entry No. 92 at 9–11). Paradigm's argument that Landmark cannot assert Texaco's rights under the License Agreement is misplaced; as a successor-by-merger to Texaco's assignee under the Spin-Off Agreements, Landmark is asserting its own ownership rights. The motion for summary judgment on this basis is denied.

In its reply to the response to its "conditional" motion for summary judgment, Paradigm also argued that Landmark cannot as a matter of law own the '570 Patent as an assignee of Texaco because Texaco's rights in that patent resulted from a breach of the License Agreements with Paradigm's predecessors-in-interest. Paradigm alleged that Texaco employees Zietlin and Cheung misappropriated proprietary and confidential information relating to the VoxelGeo and VoxelView software and used it to obtain what issued as the '570 Patent. (Civil Action 06-1790, Docket Entry No. 5 at 9–11). Paradigm argued that "Texaco had no ownership 'interest' to assign because under the License Agreements allowing Texaco to use that software, Texaco and its employees were contractually precluded from owning the '570 patent." (Docket Entry No. 99 at 6). Paradigm argued that "all modification to the [VoxelView and VoxelGeo] software, and all intellectual property rights, including patents, are owned by [Paradigm]." (Civil Action No. 06-1790, Docket Entry No. 5 at 10). Whether the '570 Patent contains modifications of the VoxelView or VoxelGeo software and whether Texaco or its employees breached the License Agreements relating to that software cannot be resolved on the present record, as would be required to grant summary judgment.

Paradigm's "conditional" motion for summary judgment as to ownership is denied.

SIGNED on January 22, 2007, at Houston, Texas.

                                                  Lee H. Rosenthal
                                       United States District Judge