## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| LANDMARK GRAPHICS CORP. *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2618 |
| | § | (Consolidated with H-06-1790) |
| SEISMIC MICRO TECHNOLOGY, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

_____

| | |
|---|---|
| PARADIGM GEOPHYSICAL CORPORATION, | § |
| | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| MAGIC EARTH, INC., *et al.* | § |
| | § |
| Defendants. | § |

## MEMORANDUM AND ORDER DENYING PARADIGM'S
## MOTION TO DISQUALIFY WILLIAM JENSEN

In this consolidated lawsuit, Landmark Graphics Corporation, a subsidiary of Halliburton Company, Landmark's predecessor-in-interest, Magic Earth, Inc., and two individuals, Michael Zeitlin and Yin Cheung (together, "the Landmark Parties"), allege that Paradigm Geophysical Corporation and Seismic Micro-Technology, Inc. infringed U.S. Patent No. 6,765,570 (the '570 Patent). Paradigm and SMT deny infringement and allege

that the '570 Patent is unenforceable because of inequitable conduct during the prosecution before the Patent and Trademark Office.

Paradigm has filed a motion to disqualify William P. Jensen, described as the "primary attorney involved in the prosecution of the patent-in-suit," seeking to bar him from continuing to participate as counsel for any of the Landmark Parties in this case. (Docket Entry No. 105 at 1). Paradigm bases its motion on the prohibition against an attorney serving as advocate and witness. The Landmark Parties have responded to the motion. (Docket Entry No. 110). Based on careful consideration of the pleadings; the motion, response, and reply; the parties' submissions; and the applicable law, this court denies the motion to disqualify Jensen from representing the Landmark Parties in pretrial matters and in matters outside the presence of the jury, consistent with the limits described in his January 5, 2007 declaration. The reasons are explained below.

## I.    Background

The application for what issued as the '570 Patent was filed in July 1998. Jensen became involved in the prosecution beginning in February 2000. The patent issued in July 2004. When this infringement suit was filed suit against Paradigm in July 2005, Jensen appeared as attorney-in-charge for the Landmark Parties. On June 19, 2006, Thomas Melsheimer of Fish & Richardson, P.C. filed an appearance and substituted in as attorney-in-charge for the Landmark Parties. Jensen and his law firm, Crain, Caton & James, P.C., remained of counsel. John Helms of Fish & Richardson has since substituted in as attorney-

in-charge for the Landmark Parties.  Jensen has not signed pleadings since the first substitution.

Paradigm has alleged that the '570 Patent is invalid based on prior art and unenforceable due to inequitable conduct and fraud on the PTO.  Paradigm asserts that Jensen is likely to be a witness on the issues of whether material prior art was withheld from the PTO with the intent to deceive. Paradigm bases its motion to disqualify on the prohibition against an attorney serving as trial counsel when it is clear that he will be a necessary witness at the trial.  Paradigm points to different aspects of Jensen's involvement to support its motion.  In initial disclosures submitted under Rule 26 of the Federal Rules of Civil Procedure, the Landmark Parties identified Jensen as a person believed to have knowledge of the '570 Patent and its prosecution, the prior art, and the assignment of the patent.  As a lawyer serving of counsel, he has provided information used to respond to interrogatories and provided information to a Rule 30(b)(6) witness used to support the Landmark Parties' denials to requests for admission.  Paradigm argues that given the Landmark Parties' opposition to bifurcating the bench trial of inequitable conduct from the jury trial of other issues in the case, they are precluded from arguing that Jensen can testify on inequitable conduct and still be involved as an advocate.

As additional factors supporting disqualification, Paradigm asserts that Jensen was on Magic Earth's Board of Directors when representations were made to the PTO and allegedly has a financial stake in the outcome of this litigation.  Paradigm also raises a concern about the confidentiality of its information, arguing that Jensen continues to prosecute patents for

Halliburton related to the same proprietary technology that Paradigm and SMT may be called on to produce in discovery in this case.

In response, the Landmark Parties acknowledge that Jensen may not serve as trial counsel before the jury.  They assert that there is no prohibition against Jensen continuing to represent the Landmark Parties in pretrial matters and in matters outside the presence of the jury, within limits.  In his declaration filed in response to the motion to disqualify, Jensen stated as follows:

> While I may represent and advise my clients (the Landmark Parties) in pretrial matters and matters outside the presence of a jury in this case, I will not i) defend the '570 Patent inventors (Zeitlin, Cheung and Acosta) during their depositions, ii) represent any of the Landmark Parties at my deposition, or iii) argue at any hearing or trial on inequitable conduct, which involves my testimony.

(Docket Entry No. 110, App. at Tab 1, ¶ 4).  Jensen also stated that he has not seen documents produced in this case by Paradigm, SMT, or any third party, which was marked as confidential under the Agreed Protective Order that issued on October 3, 2006.  (*Id*. at ¶ 3).  The Landmark Parties argue that given the limits Jensen has imposed on his own involvement in the case, the advocate-witness rule does not prohibit his representation of those parties in pretrial matters or out-of-court matters.

## II.    The Applicable Legal Standards

The Fifth Circuit has stated that "[m]otions to disqualify are substantive motions affecting the rights of the parties and are determined by applying standards developed under federal law." *In re American Airlines, Inc*., 972 F.2d 605, 610 (5th Cir.1992); *see also In re*

4

*Dresser Industries, Inc.*, 972 F.2d 540, 543 (5th Cir. 1992).  Under 28 U.S.C. § 2071, district courts may adopt rules for the conduct of attorneys.    A court must "consider the motion governed by the ethical rules announced by the national profession in the light of the public interest and the litigant's rights." *American Airlines*, 972 F.2d at 610.  The norms embodied in the Model Rules and the Model Code are relevant "as the national standards utilized by this circuit in ruling on disqualification motions." *Id*.  Federal courts may adopt state or American Bar Association rules as their ethical standards, but whether and how these rules apply are questions of federal law. *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 266 (5th Cir. 2001) (citing *FDIC v. United States Fire Ins. Co.*, 50 F.3d 1304, 1312 (5th Cir.1995)); *In re American Airlines, Inc*., 972 F.2d at 610.

A district's local rules are the most immediate source of guidance for a district court, but are not the only authority governing a motion to disqualify counsel.  The Local Rules of the Southern District of Texas state that the minimum standard of practice is the Texas Disciplinary Rules of Professional Conduct. *See* S.D. TEX. R. APPENDIX A, RULE 1A.  The Texas Disciplinary Rules of Professional Conduct state that a "lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client. *See* TEX. DISC. R. PROF. CONDUCT § 3.08 (a).  Section (b) provides that a lawyer is not to continue as an "advocate in a pending adjudicatory proceeding" if the lawyer believes that he will be "compelled to furnish testimony that will be substantially adverse to the lawyer's client,"

unless the client consents after "full disclosure."  Section (c) of the Texas Rules addresses the effect of a lawyer's disqualification from serving as an advocate under sections (a) and (b) on other lawyers in the same firm.  Section (c) states that "[i]f the lawyer to be called as a witness could not also serve as an advocate under this Rule, that lawyer shall not take an active role before the tribunal in the presentation of the matter."

The ABA Model Rule 3.7 states that  "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness," unless the testimony relates to an uncontested issue or disqualification of the lawyer would be a substantial hardship on the client.  MODEL RULES OF PROF'L CONDUCT R. 3.7(a).  The applicable disciplinary rule of the Model Code states that "[a] lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify." MODEL CODE OF PROF'L RESPONSIBILITY DR 5-101(b).  The Code provides an exception if disqualification of the attorney would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.  *Id*. at  DR 5-101(b)(4).

The Fifth Circuit has explained the background and basis of the proscription against an attorney serving as both an advocate and a witness in the same litigation:

> Its origin may be traced to the common law principle of evidence that neither a party nor his agent is competent as a witness on the party's behalf. During the nineteenth century, the prohibition against lawyer-witnesses became a matter of professional ethics. Bar associations in the United States included the rule among

> their earliest standards of professional behavior.  Over the years, various reasons have been offered for an ethical prohibition against advocates testifying. The Model Code proposes four justifications for the rule:  (1) the lawyer may be a less effective witness because he is more easily impeachable for interest; (2) opposing counsel may be inhibited in challenging the credibility of a lawyer who also appears as an advocate; (3) a lawyer-witness must argue his own credibility; and (4), while the role of a witness is to objectively relate facts, the role of an advocate is to advance his client's cause. Another rationale commonly advanced for the rule focuses on the appearance of impropriety that may be created when a lawyer testifies on behalf of his client. For one or more of the foregoing reasons, the general prohibition against the lawyer-witness remains a prescript reiterated in many contemporary ethical canons.

*FDIC v. United States Fire Ins. Co.*, 50 F.3d 1304, 1311 (5th Cir. 1995).  In *FDIC*, the Fifth Circuit determined the relevant state and national ethical standards to be the local rules, the Model Rules, the Model Code, and the Texas Rules. 50 F.3d  at 1311-12.  As noted, the Southern District of Texas has adopted the Texas Rules as the standard of conduct for attorneys.  Courts have suggested that because the Model Rules were adopted in 1983 as a replacement for the Model Code, the Model Code arguably no longer represents the ethical rules of the national profession.  *See FDIC*, 50 F.3d at 1309, n. 4; *Ayus v. Total Renal Care, Inc*., 48 F. Supp.2d 714, 714 (S.D. Tex. 1999).

In patent infringement actions, the following rationales for the advocate-witness rule have been identified: (1) it eliminates the possibility that the attorney will not be a fully objective witness; (2) it reduces the risk that the trier of fact will confuse the roles of advocate and witness and erroneously grant testimonial weight to an attorney's arguments; and (3) it reflects a broad concern that the administration of justice not only be fair, but also appear fair.

7

*Plymouth Industries, LLC v. Sioux Steel Co.*, Nos. 8:05CV196, 8:05CV469, 2006 WL 3392193, at *2 (D. Neb. 2006) (citing *Coolsavings.com, Inc. v. E-centives, Inc.*, No. 98C4924, 2000 WL 1262929, at *5 (N.D. Ill. 2000)).

A district court has substantial latitude in deciding on the disqualification of counsel. *United States v. Zichettello*, 208 F.3d 72, 104 (2d Cir.2000) (citing *Wheat v. United States,* 486 U.S. 153, 163 (1988)).  "In considering a disqualification motion, [the court must] view the rules in light of the litigant's rights and the public interest."  *Horaist*, 255 F.3d at 266 (5th Cir. 2001) (citing *Dresser*, 972 F.2d at 544).  The scope of an attorney disqualification inquiry goes beyond the ABA Canons, Ethical Considerations, and Disciplinary Rules.  *See Woods v. Covington County Bank*, 537 F.2d 804, 810 (5th Cir. 1976) ("A court should be conscious of its responsibility to preserve a reasonable balance between the need to ensure ethical conduct on the part of lawyers appearing before it and other social interests, which include the litigant's right to freely chosen counsel.").

## III.   Analysis

Paradigm urges that whether Jensen will provide adverse or favorable testimony for the Landmark Parties, he should be precluded from continuing to serve as their lawyer in this case.  Paradigm argues that the fact that Jensen will be a witness on the issues relating to representations to the PTO is enough to disqualify him from participating in this case as a lawyer.  Paradigm argues that proof of inequitable conduct must "challenge directly Jensen's integrity and credibility" and that Jensen is a necessary witness in the court's inquiry into inequitable conduct.  (Docket Entry No. 105 at 3, 5).  Paradigm also argues that Jensen must

be disqualified because he "may have conflicting interests from [the inventors]," his testimony might conflict with the inventors', and his presence "may be disruptive" at the inventors' depositions.  (Docket Entry No. 105 at 3).  Paradigm also argues that Jensen is conflicted because of his financial and professional interest in the outcome.  (Docket Entry No. 105 at 5–6).

In response, the Landmark Parties have stated that Jensen will not serve as trial counsel, represent the inventors at their depositions, represent the Landmark Parties at his own deposition, or argue at any trial or hearing involving his testimony.  The Landmark Parties argue that Jensen's testimony may not be necessary; that the rules do not require removing Jensen from participating in pretrial matters and matters outside the jury's presence; and that disqualifying Jensen from any role will work a substantial hardship on the Landmark Parties because of his unique knowledge of the patent prosecution work and the technology involved.  (*Id*. at 13).

Jensen has agreed that because he may be a witness on issues relating to the prosecution of the '570 Patent, he will not serve as trial counsel in this case.  The issue is whether he should be disqualified from any participation as counsel in this case, including appearing as counsel in pretrial matters outside the presence of the jury or in out-of-court matters.

Under Rule 308 of the Texas Rules, a lawyer may not serve as an "advocate before a tribunal" if the lawyer is or may be a witness necessary to establish an essential fact on the client's behalf or will be compelled to furnish testimony substantially adverse to the client.

9

Rule 3.7 of the Model Rules is similar.  Both prohibit an attorney from serving as trial counsel and as a witness at trial.  The Model Rule asserts that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness." Model Rule 3.7(a) (1992).

The parties dispute whether Jensen will be a "necessary" witness.  In *Horaist*, the attorney's testimony was cumulative and available from other witnesses.  The court found that "[b]ecause [the attorney] is not a necessary witness, we need not reach the question whether the substantial hardship to [his client] outweighs the appearance of impropriety and other policy considerations." *Horaist*, 255 F.3d at 267, n.5.  This case is still in the early phases of discovery.  It appears that Jensen is knowledgeable about aspects of the patent prosecution that may be important to deciding the inequitable conduct allegations, but the record as to what Jensen knows in comparison to other witnesses is inadequate to reveal whether his testimony is necessary or cumulative of testimony other witnesses will provide.  The attorney-witness rule does not apply if the attorney will not be needed as a witness. *Horaist*, 255 F.3d at 266; MODEL RULES OF PROF'L CONDUCT 3.7(c)*; Spears v. Fourth Court of Appeals,* 797 S.W.2d 654, 657-58 (Tex. 1990).

In *Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 836 F.2d 1332, 1337 (Fed. Cir. 1988), the Federal Circuit affirmed the district court's decision to deny a motion to disqualify an attorney who had prosecuted the patent.  The moving party intended to call as a witness on the issue of prior art.  The circuit affirmed the finding that the attorney's testimony "was not required on the infringement issue because the file wrapper contain[ed] all pertinent information required to determine the scope of the claim." *Id.*  The court noted that "ought

10

to be called as a witness" has been narrowly construed to mean an attorney "who has crucial information in his possession which must be divulged." *Id.* (agreeing with the interpretation of the Model Code as stated in *Universal Athletic Sales Co. v. American Gym, Recreational & Athletic*, 546 F.2d 530, 538, n.21 (3d Cir. 1976)). The parties in this case dispute whether Jensen will be a necessary witness. The present record in this case is insufficient to show that Jensen "has crucial information in his possession which must be divulged."

Even assuming that Jensen would be a necessary witness does not lead to the conclusion that he must be barred from any role as counsel for the Landmark Parties in this case. Jensen and the Landmark Parties have taken steps to avoid "scrambling of roles" by removing Jensen from serving as counsel at trial before the jury and instead limiting him to pretrial matters and matters outside the presence of the jury. Jensen has further agreed that he will not defend the '570 Patent inventors during their depositions, represent any of the Landmark Parties as counsel in his own deposition, or argue at any hearing or trial on inequitable conduct that involves his own testimony. Courts have distinguished between a lawyer's role at trial and in pretrial matters or matters outside a jury's presence. *See, e.g., Ayus v. Total Renal Care, Inc.*, 48 F. Supp.2d 714 (S.D. Tex. 1999) (prohibiting lawyer likely to be a witness from serving as counsel at trial but allowing the lawyer to represent the client in pretrial proceedings); *Merrill Lynch Business Financial Services, Inc. v. Nudell*, 239 F. Supp. 2d 1170 (D.Colo. 2003) (finding that the Model Rule 3.7 is a prohibition only against a lawyer-witness acting as an "advocate at trial" and does not require the lawyer to be disqualified from pretrial activities such as participation in strategy sessions, pretrial hearings,

11

settlement conferences, and motions practice); *Culebras Enter. Corp. v. Rivera-Rios*, 846 F.2d 94, 101 (1st Cir. 1988) ("[B]y adopting Rule 3.7 of the Model Rules the ABA retreated to language even narrower than its original position prohibiting a lawyer-witness only from acting as 'advocate at trial.'"); *Main Events Productions, LLC v. Lacy*, 220 F. Supp. 2d 353, 357 (D.N.J. 2002) ("Limiting the disqualification to advocacy at trial achieves [the rule's] objectives and at the same time respects a client's right to be represented generally by an attorney of his choice"). In *Ayus*, the court noted that the ABA has interpreted Model Rule 3.7 to allow the potential attorney-witness to serve as an advocate in taking depositions, engaging in other pretrial discovery, and arguing pretrial motions, as long as the lawyer does not represent the client at his own pretrial deposition or argue pretrial motions involving his pretrial testimony as to a contested matter unless the client consents after consultation. *Ayus*, 48 F. Supp.2d at 718 (*citing* ABA Informal Opinion 89-1529 (1989)). Similarly, the comments to Texas Rule 3.08 state that a lawyer who may be or will be a witness may participate in the "preparation of a matter for presentation to a tribunal," so long as a testifying lawyer "who could not serve as an advocate" does not take "an active role before the tribunal in the presentation of the matter." Comment 8, Texas Rule 3.08; *Anderson Producing, Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 422-23 (Tex. 1996) (Rule 3.08 allows an attorney who may be a witness to engage in pretrial and out of court matters). The rule does not prevent attorneys from testifying at bench trials. *See Crowe v. Smith*, 151 F.3d 217, 233-34 (5th Cir. 1998) ("[T]he only justification for the attorney testimony rule that might be viewed as affecting the rights of the opposing party is that derived from the fear that the jury will either

12

accord such testimony undue weight, or will be unable to distinguish between the attorney's testimony, offered under oath, and his legal argument, offered in rhetorical support of his client's case.").

If Jensen is limited to this "behind the scenes" role and does not serve as counsel at trial—either before the jury or before the court if the inequitable conduct trial is presented to the bench—and observes the limits set out in his declaration, the concerns that arise from mixing the roles of advocate and witness are adequately addressed. The limits on his role will avoid confusing the jury as to the roles of lawyer and witness. Jensen will not be a less effective witness because he continues to represent the Landmark Parties as counsel in pretrial and similar matters. There is no indication that opposing counsel will feel constrained in challenging Jensen's credibility simply because he is assisting in representing the Landmark Parties in pretrial matters, outside the presence of the jury, and in matters not involving his own testimony. Precluding Jensen from serving as trial counsel while allowing him to continue to represent the Landmark Parties within these limits avoids the appearance of impropriety that may be created when a lawyer testifies on behalf of his client. *See FDIC*, 50 F.3d at 1316 ("[B]oth courts and commentators generally have rejected the mere appearance of impropriety as a rationale for the lawyer-witness rule on the ground that an advocate testifying as a witness would be no more readily impeachable for bias than a former advocate. . . . Either way, due to the possibility of continuing loyalty to the client or the lawyer's expectation of future representation, the former counsel's testimony would be equally suspect."). *Id.* at 1315.

Paradigm argues that Jensen is likely to give adverse testimony to the Landmark Parties. In *Coolsavings.com Inc. v. E-Centives, Inc.*, No. 98C4924, 2000 WL 1262929, at *4 (N.D. Ill. 2000), the court found that the defendant's allegations of inequitable conduct by the patentee's attorneys during the patent prosecution phase did not disqualify them from serving as counsel. The moving party did not meet its burden of producing evidence showing that the attorneys' testimony might contradict or undermine the factual assertions or account of events previously offered by the patentee. *Id.* at *3. The court rejected the defendant's argument that the possibility that the lawyer might give testimony adverse to the client on inequitable was sufficiently prejudicial to warrant disqualification. *Id.* (rejecting prejudice standard applied by *Personalized Mass Media Corp. v. The Weather Channel, Inc.*, 899 F. Supp. 239, 242-244 (E.D. Va. 1995)); *see also Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir. 1989)("For testimony to be "prejudicial" within the meaning of the disciplinary rule, the projected testimony of a lawyer or firm member must be sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony."). If the possibility that the trier of fact could believe that the attorney participated in deliberately withholding material information from the PTO was sufficient for disqualification, patent counsel would always be subject to disqualification in any case in which inequitable conduct was alleged. *Id*. Paradigm has not made a sufficient showing of prejudice to warrant disqualifying Jensen from any role as counsel in this case.

14

Courts recognize the value of the knowledge held by the lawyer who prosecuted a patent-in-suit to later infringement, validity, and enforceability litigation and the hardship that blanket disqualification may cause.  MODEL CODE OF PROF'L RESPONSIBILITY at DR 5-101(b)(4).  The Landmark Parties have argued that it would be a significant hardship if this court disqualifies Jensen because of his unique knowledge of the '570 Patent prosecution and the legal significance of the prior art and other aspects of the technology.  Courts address the risk of prejudice resulting from a patent prosecutor lawyer who may also be a witness in a later infringement/validity/enforceability suit by measures less extreme than the blanket disqualification of the attorney.  In *Coolsavings.com,* the court stated that it could sever the trial of the inequitable conduct defense from the trial of the infringement and validity rather than deprive the patentee of its choice of counsel.  *Id; see also* FED. R. CIV. P. 42(b) (allowing the court to order a separate trial of any issue or claim, in order to avoid prejudice); *Plymouth Industries,* 2006 WL 3392193, at *3 (denying motion to disqualify patent prosecuting attorney and ordering separate nonjury trial on the inequitable conduct issues).  Although Paradigm argues that the Landmark Parties have opposed bifurcating the case between inequitable conduct and other issues, the question of bifurcation has been limited to pretrial motions and discovery.  The record is not sufficiently developed to allow this court to determine whether the issues will be tried together or separately.

Paradigm also argues that Jensen has a personal interest that should lead to his disqualification from any role as counsel.  An attorney's personal interest in the case is not dispositive of a disqualification motion.  *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424,

15

435 (1985).   Jensen's potential personal interest is an insufficient basis to expand the disqualification to preclude him from any role as counsel for the Landmark Parties.

The cases in which courts have disqualified a prosecuting patent attorney from serving as counsel in a subsequent infringement/inequitable conduct case are distinguishable from the facts presented here.   In *Summagraphics Corp. v. Sanders Assoc., Inc.*, 19 U.S.P.Q.2d 1859, 1861-62 (D. Conn. 1991), a federal district court granted a motion to disqualify the patentee's prosecuting attorney from serving as counsel at the infringement trial because of the evidence as to the attorney's conduct in prosecuting the patent applications.   The attorney had given conflicting opinions on patent validity, including opinions that would contradict the patentee's litigation position.   *Id.*   The court found that the defendants would need to call the attorney as a witness and that he would give testimony prejudicial to his client.   *Id.*   The court also denied a request to bifurcate the trial, finding that the evidence of inequitable conduct was inextricably tied to other claims and defenses.   *Id.*   The present case is distinguishable from *Summagraphics*.   Paradigm has not shown that Jensen's conduct in prosecuting the patent application is inconsistent with the patentee's litigation positions.   There is no basis to conclude on the present record that bifurcation of the trial (as opposed to bifurcating pretrial discovery and motions) is inappropriate.

In *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-03-CA-754-SS, 2006 WL 1544621, at *9 (W.D. Tex. 2006), the court granted a motion to disqualify all members of a law firm from representing the defendant in a patent infringement case because other members of the same firm had previously provided the defendant with noninfringement opinions on the

16

patents at issue.  The issue was not whether the lawyer who had prosecuted the patent could also serve as counsel in a later infringement/inequitable conduct suit.  *Id.*  The court held the defendant to the position that its counsel had taken at a preliminary hearing, that if the plaintiff called members of the firm to testify, those members would not participate as counsel at trial.  *Id.*  The court reasoned that members of the law firm that had drafted the earlier opinion would be placed in the unseemly position of having to advocate for the credibility and reliability of the testimony of their law partners before the jury.  *Id.*  at *10.  The limitations the Landmark Parties have placed on Jensen's role addresses this concern.

In *Personalized Mass Media Corp. v. The Weather Channel, Inc*., 899 F. Supp. 239, 242-244 (E.D. Va. 1995), the court granted a motion to disqualify an attorney who had represented the patentee during the patent prosecution.  The court used an objective standard to decide whether the testimony would be prejudicial, looking not only to what the attorney had testified to up to that point, but also to allegations and evidence of the attorney's conduct before the PTO.  *Id*. at 243; *but see Coolsavings.com Inc. v. E-Centives, Inc.*, No. 98C4924, 2000 WL 1262929, at *3 (rejecting the use of an objective standard in determining whether the attorney's client would be prejudiced by his testimony).  Under that standard, the court found a sufficient showing of prejudice to disqualify the attorney from representing the patentee at trial.  *Personalized Mass Media*,  899 F. Supp. at 245.  The court allowed the disqualified attorney to continue to work and consult with new counsel representing the patentee.  *Id.*  This case is distinguishable from *Personalized Mass Media*; Paradigm has not

made similar allegations or presented similar evidence of inequitable conduct and Jensen is not seeking to remain as trial counsel.

The present record does not provide a sufficient basis to disqualify Jensen more broadly than the restrictions the Landmark Parties have already put into place. Jensen may continue to serve as counsel consistent with the restrictions set out in his declaration.

## IV. Conclusion

Paradigm's motion to disqualify William Jensen is denied. (Docket Entry No. 110).

SIGNED on January 31, 2007, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge